# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0104
Lower Tribunal No. 94-CF-30011-A-P
_____

**Carlos Hernandez,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Carlos Hernandez, in proper person.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Carlos Hernandez appeals the trial court's denial of his motion to correct illegal sentence, which was ostensibly filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his brief, Hernandez "now acknowledges that his claim that his sentence is illegal under Fla. Rules of Criminal Procedure 3.800(a) is not a valid claim." On this point, Hernandez is quite correct. Hernandez nevertheless presses the issue on appeal, attempting to advance his claim under the banner of "manifest injustice." However, and as we have observed before:

> The mere incantation of the words "manifest injustice" does not make it so. . . . There is little doubt that every defendant believes they will suffer a "manifest injustice" if their postconviction claim is deemed foreclosed by the passage of time. However, a defendant does not have an unlimited right to continue to litigate (and relitigate) the validity of their conviction, and such a limited right must be balanced against the State's competing and substantial interest in the finality of judgments in criminal cases.

Beiro v. State, 289 So. 3d 511, 511-12 (Fla. 3d DCA 2019) (internal citations omitted). We find no merit in Hernandez's claim, as the issue he raises (whether Hernandez's possession and use of a six-inch knife during a robbery constituted armed robbery with a deadly weapon, as charged in the Information) is a factual question which the jury, by its 1995 verdict, answered in the affirmative. Any claim of error regarding this factual determination could have and should have been raised on direct appeal.

This court affirmed Hernandez's judgment on February 19, 1997, <u>see</u> <u>Hernandez v. State</u>, 687 So. 2d 972 (Fla. 3d DCA 1997) and the mandate issued March 7, 1997. Any contention that trial counsel rendered constitutionally ineffective counsel in regard to this claim should have been raised in a postconviction motion filed no later than March 7, 1999. <u>See</u> Fla. R. Crim. P. 3.850(b).   Hernandez's motion, properly characterized, was a successive,[1] time-barred and procedurally-barred motion for postconviction relief under rule 3.850, and the trial court correctly denied it as such.

Affirmed.

---

[1] <u>See</u> <u>Hernandez v. State</u>, 3D15-1277 (appeal from denial of rule 3.850 motion).